IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | Case No. 3:22-cv-00200 |
| v. | ) ) ) | Chief Judge Waverly D. Crenshaw, Jr. |
| $58,240 UNITED STATES CURRENCY, | ) ) | |
| Defendant. | ) ) | |

## ENTRY OF DEFAULT

Pending is Plaintiff's Application to Clerk for Entry of Default as to Alberto Gutierrez and all persons and entities who may have an interest in $58,240 United States Currency ("Defendant Property") pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. (Doc. No. 9). For the following reasons, Plaintiff's Application is **GRANTED**.

Plaintiff filed its Verified Complaint In Rem on March 22, 2022, seeking forfeiture of the Defendant Property pursuant to 21 U.S.C. §881(a)(6). (Doc. No. 1). Plaintiff filed the pending Application for Entry of Default on November 7, 2022. (Doc. No. 9).

Pursuant to Local Rule 55.01, motions for entry of default under Fed. R. Civ. P. 55(a) must be accompanied by an unsworn declaration under penalty of perjury under 28 U.S.C. § 1746 verifying: (i) proof of service; (ii) the opposing party's failure to plead or otherwise defend; (iii) if the opposing party is an individual, that the opposing party is not a minor or incompetent person; and, (iv) if the opposing party is an individual, that the opposing party is not in the military service, as required by 50 U.S.C. § 3931(b)(1). In support of its Application, Plaintiff relies on the Declaration of Veronica Lane. (Doc. No. 9-1).

1

Pursuant to Supplemental Rule G, the United States is required to give both general notice of this In Rem action to the public as well as direct notice to any known potential claimants. The United States may satisfy the public notice requirements of Fed. R. Civ. P. Supp. R. G(4)(a)(iv)(C) with publication "on an official internet government forfeiture site for at least 30 consecutive days." Direct notice "must be sent by means reasonably calculated to reach the potential claimant." Fed. R. Civ. P. Supp. G(4)(b)(iii)(A). "Actual notice, however, is not required. Instead, the Government must show a reasonable attempt to provide actual notice." *United States v. Mayes*, No. 3:14-CR-147-TAV-DCP, at *5 (E.D. Tenn. July 5, 2018), *report and recommendation adopted*, No. 3:14-CR-147-TAV-DCP, 2018 WL 3594986 (E.D. Tenn. July 26, 2018) (internal citations omitted). Notice may be sent to either the claimant or the attorney representing him or her with respect to the forfeiture or a related proceeding. Fed. R. Civ. P. Supp. G(4)(b)(iii)(B). "The adequacy of notice is measured at the time the notice was sent." *United States v. Latham*, 54 F. App'x 441, 444 (6th Cir. 2002).

With regard to direct notice, Ms. Lane declares that copies of the Verified Complaint, Declaration, and Notice of Judicial Forfeiture were sent to potential claimant Alberto Gutierrez, via regular first class and certified mail on March 24, 2022. (Doc. No. 9-1 at ¶ 3 and Doc. No. 9-2).

With regard to general notice, Ms. Lane declares that publication of the Notice of Judicial Forfeiture Proceedings was made online at www.forfeiture.gov, the official internet government forfeiture site, for 30 consecutive days beginning on March 26, 2022, and ending on April 24, 2022. (Doc. No. 9-1 at ¶ 5 and Doc. No. 9-3). Pursuant to Supplemental Rule G(5)(a)(ii)(B), all persons must file a claim "no later than 60 days after the first day of publication on an official internet government forfeiture site."

More than sixty (60) days have passed since the first day of publication of the notice on the official government internet web site and no person or entity has filed claims or answers, or otherwise made an appearance in this action. (Doc. No. 9-1 at ¶¶ 6 and 7). The time for filing a claim pursuant to Rule G(5) of the Supplemental Rules has expired.

Pursuant to Local Rule 55.01, Lane avers that potential claimant, Alberto Gutierrez, is not a minor nor incompetent person. (Doc. No. 9-1 at ¶ 8). Additionally, Lane declares that Gutierrez is not in the military service as evidenced by the Status Report from the Department of Defense Manpower Data Center. (Doc. No. 9-1 at ¶ 9 and Doc. No. 9-4).

For the reasons stated herein, Plaintiff's Application to Clerk for Entry of Default as to Alberto Gutierrez and all persons and entities who may have an interest in $58,240 United States Currency, (Doc. No. 9), is **GRANTED.**

s/ Lynda M. Hill<br>
Lynda M. Hill<br>
Clerk of Court